UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD EL, #163990,

        Plaintiff,

                                          CASE NO. 15-10822
v.                                     HONORABLE SEAN F. COX

CAYLON WILLIAMS, APC RUSHING,
JOHN and JANE DOE, *et al.,*

        Defendants.
_____/

## ORDER OF DISMISSAL

On February 25, 2015, plaintiff Reginald El filed a *pro se* civil complaint alleging violations of his constitutional rights. Plaintiff is a state prisoner, and he did not prepay the filing fee for his complaint. Nor did he apply for leave to proceed without prepayment of fees and costs as set forth in 28 U.S.C. § 1915(a)(2). Accordingly, on March 27, 2015, the magistrate judge ordered Plaintiff to prepay the filing fee or to apply in the proper manner for leave to proceed without prepayment of fees and costs. The magistrate judge warned Plaintiff that failure to comply with his order within thirty days of the date of the order could result in a dismissal of the complaint for want of prosecution. On April 27, 2015, Plaintiff notified the Court of a change of address, but, to date, he has not prepaid the filing fee for this action, nor applied to proceed without prepayment of fees and costs.

Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action if a plaintiff fails to prosecute an action or to comply with a court order. The Supreme Court has interpreted this rule to permit federal courts to dismiss *sua sponte*

an action for lack of prosecution.  As explained in *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), "[n]either the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Id.* at 630.  The power to dismiss an action for lack of prosecution is necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.

This Court's Local Rules also provide for *sua sponte* dismissal of a dormant action.  Under Rule 41.2, "the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing . . . the case" when a party has "taken no action for a reasonable time."  LR 41.2 (E.D. Mich. Mar. 2, 1998).

> [I]t is axiomatic that the Court possesses inherent power to dismiss *sua sponte*, without notice or hearing, "to achieve the orderly and expeditious disposition of cases".  *See* Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, ch. 16, § 431. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–632, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985).

*Branham v. Home Depot U.S.A., Inc.*, 225 F. Supp. 2d 762, 769 n. 4 (E.D. Mich. 2002).  Thus, under Local Rule 41.2 and Federal Rule of Civil Procedure 41(b), the Court may dismiss complaints for failure to prosecute.  *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

Plaintiff did not comply with the magistrate judge's order to prepay the filing fee or to submit a completed application to proceed without prepayment of fees and costs, and more than thirty days have passed since the magistrate judge entered his order.

Accordingly, this action is dismissed without prejudice for want of prosecution and for failure to comply with a court order. *Link*, 370 U.S. at 629-30; Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

Dated:  May 27, 2015                              s/ Sean F. Cox_____
                                                               Sean F. Cox
                                                               U. S. District Judge


I hereby certify that on May 27, 2015, the foregoing document was served on counsel of record via electronic means and upon Reginal El via First Class mail at the address below:

REGINALD EL 163990
ALGER MAXIMUM CORRECTIONAL FACILITY
N6141 INDUSTRIAL PARK DRIVE
MUNISING, MI 49862


                                                               s/ J. McCoy_____
                                                               Case Manager